TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | |
|---|---|
| OPINION : | No. 90-914 |
| of : | |
| : | MAY 7, 1991 |
| DANIEL E. LUNGREN : | |
| Attorney General : | |
| : | |
| CLAYTON P. ROCHE : | |
| Deputy Attorney General : | |
| : | |

THE HONORABLE THOMAS F. CASEY, III, COUNTY COUNSEL, SAN MATEO COUNTY, and THE HONORABLE STEVEN WOODSIDE, COUNTY COUNSEL, SANTA CLARA COUNTY, have requested an opinion on the following question:

Is the jurisdiction of a county airport land use commission limited by county boundaries?

CONCLUSION

The jurisdiction of a county airport land use commission is limited by county boundaries.

ANALYSIS

An airport land use commission (hereafter "ALUC") is established pursuant to section 21670 et seq. of the Public Utilities Code.[1]  Generally, every county which contains an airport served by a scheduled airline or which is operated for the benefit of the public "shall establish an airport land use commission." (§ 21670.)  In this opinion we are asked to determine if such an ALUC's jurisdiction is limited to the boundaries of the county in which it is established.  This question arises where a public airport is located near the boundary separating two adjacent counties.  We conclude that a county's boundaries limit the jurisdiction of an ALUC.

An ALUC is established "to provide for the orderly development of each public use airport in this state and the area surrounding these airports" and to protect the public "by ensuring the orderly expansion of airports and the adoption of land use measures that minimize the public's exposure to excessive noise and safety hazards within areas around public airports. . . ." (§ 21670.)

_____

[1]All section references are to the Public Utilities Code unless otherwise specified.

An ALUC has seven members who are selected as follows:

"(1)  Two representing the cities in the county, appointed by a city selection committee comprised of the mayors of all the cities within that county, except that if there are any cities contiguous or adjacent to the qualifying airport, at least one representative shall be appointed therefrom.  If there are no cities within a county, the number of representatives provided for by paragraphs (2) and (3) shall each be increased by one.

"(2)  Two representing the county, appointed by the board of supervisors.

"(3)  Two having expertise in aviation, appointed by a selection committee comprised of the managers of all of the public airports within that county.

"(4) One representing the general public, appointed by the other six members of the commission." (§ 21670, subd. (b).)

The basic powers of an ALUC are set forth in section 21674 as follows:

"The commission has the following powers and duties, subject to the limitations upon its jurisdiction set forth in Section 21676:

"(a)  To assist local agencies in ensuring compatible land uses in the vicinity of all new airports and in the vicinity of existing airports to the extent that the land in the vicinity of those airports is not already devoted to incompatible uses.

"(b)  To coordinate planning at the state, regional, and local levels so as to provide for the orderly development of air transportation, while at the same time protecting the public health, safety, and welfare.

"(c)  To prepare and adopt an airport land use plan pursuant to Section 21675.

"(d) To review the plans, regulations, and other actions of local agencies and airport operators pursuant to Section 21676.

"(e) The powers of the commission shall in no way be construed to give the commission jurisdiction over the operation of any airport.

"(f)  In order to carry out its responsibilities, the commission may adopt rules and regulations consistent with this article."

Accordingly, an ALUC assists "local agencies" with respect to land uses in the "vicinity" of public airports.  Also, it must prepare and adopt an airport land use plan pursuant to section 21675.  And it must review plans, regulations, and actions of "local agencies" pursuant to section 21676.

As for an airport land use plan, section 21675 specifies that:

"(a)  Each commission shall formulate a comprehensive land use plan that will provide for the orderly growth of each public airport and the area surrounding the airport within the jurisdiction of the commission, and will safeguard the general welfare of the inhabitants within the vicinity of the airport and the public in general. . . .  In formulating a land use plan, the commission may develop height restrictions on buildings, may specify use of land, and determine building standards . . . within the planning area. . . .

". . . . . . . . . . . . . . . . . .

"(c)  The planning boundaries shall be established after hearing and consultation with the involved agencies. . . ."

Section 21675.1 provides that pending the adoption of an ALUC comprehensive land use plan, "a city or county shall first submit all actions, regulations, and permits within the vicinity of a public airport to the Commission for review and approval . . . .  If the commission has not designated a study area for the plan, then `vicinity' means land within two miles of the boundary of a public airport."  This two-mile limit could cross county lines if the language were to be literally interpreted.

When an ALUC has adopted a land use plan, section 21676 requires that:

"(a)  Each local agency whose general plan includes areas covered by an airport land use commission plan shall, by July 1, 1983, submit a copy of its plan or specific plans to the airport land use commission.  The commission shall determine by August 31, 1983, whether the plan or plans are consistent or inconsistent with the commission's plan.  If the plan or plans are inconsistent with the commission's plan, the local agency shall be notified and that local agency shall have another hearing to reconsider its plans.  The local agency may overrule the commission after such hearing by a two-thirds vote of its governing body if it makes specific findings that the proposed action is consistent with the purposes of this article stated in Section 21670.

"(b)  Prior to the amendment of a general plan or specific plan, or the adoption or approval of a zoning ordinance or building regulation within the planning boundary established by the airport land use commission pursuant to Section 21675, the local agency shall first refer the proposed action to the commission.  If the commission determines that the proposed action is inconsistent with the commission's plan, the referring agency shall be notified.  The local agency may, after a public hearing, overrule the commission by a two-thirds vote of its governing body if it makes specific findings that the proposed action is consistent with the purposes of this article stated in Section 21670.

"(c)  Each public agency owning any airport within the boundaries of an airport land use commission plan shall, prior to modification of its airport master plan, refer such proposed change to the airport land use commission.  If the commission determines that the proposed action is inconsistent with the commission's plan, the referring agency shall be notified.  The public agency may, after a public hearing, overrule the commission by a two-thirds vote of its governing body if it makes specific findings that the proposed action is consistent with the purposes of this article stated in Section 21670.

"(d) Each commission determination pursuant to subdivision (b) or (c) shall be made within 60 days from the date of referral of the proposed action. If a commission fails to make the determination within that period, the proposed action shall be deemed consistent with the commission's plan."

Under Government Code section 65300, each county and city must prepare a "general plan for the physical development of the county or city, and of any land outside its boundaries which in the planning agency's judgment bears relation to its planning." Again, accordingly, a literal interpretation of this language could mean that a "local agency whose general plan includes areas covered by an airport land use commission plan" (§ 21676, subd. (a)) may include a city in a neighboring county or a neighboring county with a general plan covering "land outside its boundaries" (Gov. Code, § 65300).

As a general proposition, a county is "a state subdivision exercising within its boundaries the sovereignty of the state." (Union of American Physicians & Dentists v. County of Santa Clara (1983) 149 Cal.App.3d 45, 50.) As such, counties "have independently only such legislative authority that has been expressly conferred by the Constitution and laws of the state." (Younger v. Board of Supervisors (1979) 93 Cal.App.3d 864, 870.) However, where necessary, the Legislature is empowered to deal with regional problems on a regional basis. In People ex rel.Younger v. County of El Dorado (1971) 5 Cal.3d 480, 498, footnote 20, the court observed:

"Indeed, it has been generally recognized that land-use planning and environmental control often present problems of regional . . . statewide . . . national . . . or even world-wide concern. . . . The inability of local governments to deal with environmental problems stems not only from the fact that the ecology is a seamless web not tailored to fit local political boundaries, but also from the impact of large scale development; such as the placement of airports. . . ." (Emphasis added.)

Thus, whether the jurisdiction of an ALUC is limited by county boundaries, or whether its jurisdiction may cross county boundaries, is ultimately a question of the intent of the Legislature.

In support of the position that the jurisdiction of an ALUC can traverse county boundaries are the basic purposes of the statutory scheme, that is to prepare and adopt an airport land use plan in the vicinity of airports and to assist local agencies in their planning to ensure compatible uses in that area. This function could not be completely performed by an ALUC without crossing county lines where a public airport is in the "vicinity" of the county's boundaries. Jurisdiction over the "adoption of land use measures that minimize the public's exposure to excessive noise" (§ 21670), for example, should not stop at the county's boundaries if the noise does not.

Furthermore, the general plan of a city or county must cover "any land outside its boundaries which in the planning agency's judgment bears relation to its planning," and specifically planning for "[c]ommercial, general aviation, heliport, helistop, and military airport operations." (Gov. Code, §§ 65300, 65302, subd. (f)(4).) Arguably, an ALUC should have the same extraterritorial responsibilities with regard to its planning area as does the planning agency of a city or county.

On the other hand, as previously mentioned, county powers are normally limited to areas within the county's own boundaries. (See Union of American Physicians & Dentists v. County of Santa Clara, supra, 149 Cal.App.3d 45, 50.) Moreover, under the statutory scheme itself, the composition of an ALUC is restricted (with one limited exception) to representatives of the county and the cities within the county. Had the Legislature intended to give an ALUC jurisdiction over

territory in an adjacent county, it could be expected that the adjacent county would also be provided representation on the ALUC itself.

The one limited exception with respect to representation is found in section 21671 as follows:

"In any county where there is an airport operated for the general public which is owned by a city or district in another county or by another county, one of the representatives provided by paragraph (1) of subdivision (b) of Section 21670 shall be appointed by the city selection committee of mayors of the cities of the county in which the owner of that airport is located, and one of the representatives provided by paragraph (2) of subdivision (b) of Section 21670 shall be appointed by the board of supervisors of the county in which the owner of that airport is located."

Section 21671 appears to address a rather unique set of circumstances and provides a singular solution.

We have searched the legislative history of section 21676 and the other statutory provisions concerning the jurisdiction of an ALUC. Nothing therein suggests that an ALUC is to be granted jurisdictional powers outside the territory of its county. All the committee reports and the Legislative Counsel's digests are consistent with the treatment of an ALUC as a county commission with normal jurisdictional powers over areas solely within its county.[2] In particular, the reference in section 21676 to "local agency whose general plan includes areas covered by an airport land use commission plan" is shown by the legislative history to mean the local agency's general plan of the area within its own boundaries.

We believe this treatment is supported by the fact that the Legislature has given an ALUC broad powers over the planning functions of "each local agency" within its planning jurisdiction, including the power to designate height restrictions, land uses, and building standards, subject to veto only by a super-majority (two-thirds) vote of the legislative body. It appears doubtful that the Legislature would have granted such powers extraterritorily without according representation to the adjacent county. Additionally, considering the fact that counties normally act only within their boundaries, we believe it doubtful that the Legislature would have granted such exceptional powers to an ALUC without a clear statement to that effect.

Finally, we note that in the planning activities for an airport near a county boundary, the ALUC should facilitate the resolution of any problems that may arise for the involved planning agencies. Its specific duties described in section 21674 include:

"To coordinate planning at the state, regional and local levels so as to provide for the orderly development of air transportation while at the same time protecting the publics health, safety and welfare."

In answer to the question presented, therefore, we conclude that an ALUC does not have extraterritorial jurisdiction, but that its jurisdiction is limited by county boundaries.

---

[2] "[I]t is well established that reports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain. [Citations.]" (Hutnick v. United States Fidelity & Guaranty Co. (1988) 47 Cal.3d 456, 465, fn. 7.) Similarly the Legislative Counsel's Digest contains "strong indication" of the Legislative's intent. (Moradi-Shalal v. Fireman's Fund Ins. Companies (1988) 46 Cal.3d 287, 300; see Knighten v. Sam's Parking Valet (1988) 206 Cal.App.3d 69, 77.)

* * * *